1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7    SUSAN BARELA,                        )

8                          Plaintiff,     )        Case No.: 2:08-cv-1817-HDM-PAL

                                          )
9    vs.                                  )        **ORDER**

                                          )
10   WALGREEN, CO., *et al.,*             )

                                          )
11                       Defendants.      )

     _____    )

12

13          The court conducted a hearing on May 4, 2010 on Plaintiff's Motion to Compel Discovery

14   Responses or in the Alternative for Leave to Serve Additional Interrogatories (Dkt. #54).  Michael

15   Mascarello appeared on behalf of the Plaintiff and Richard Creer appeared on behalf of the Defendant.

16   The court has considered the motion, Defendants' opposition (Dkt. #58), Plaintiff's reply (Dkt. #59)

17   and the arguments of counsel at the hearing.

18          This discovery dispute involves Plaintiff's first set of interrogatories served on Defendants

19   January 20, 2010.  Defendants served answers to interrogatories March 8, 2010.  The interrogatories

20   were numbered one through twelve.  However, interrogatory number two asks the Defendants to

21   identify facts supporting Defendants' twenty-nine affirmative defenses.  Defendants answered

22   interrogatory number one and objected to interrogatory number two on the grounds that it contains

23   twenty-nine discreet sub-parts and therefore exceeded the maximum twenty-five interrogatories per

24   party permitted by Federal Rule of Civil Procedure 33.  Defendants provided substantive answers for

25   the facts supporting the first twenty-four of the Defendant's affirmative defenses but objected to

26   providing the factual basis for affirmative defenses twenty-five through twenty-nine.  Defendants also

27   objected and refused to respond to interrogatories number three through twelve on the grounds the

28   number of interrogatories permitted by Rule 33 had been exceeded.

1   Plaintiff asks that the court compel the Defendants to respond to each of the discovery requests

2   and, during oral argument, asked that the court count interrogatory number two as one complete

3   interrogatory, allowing Plaintiff to propound up to fifteen additional interrogatories.  Plaintiff asserts

4   that interrogatory number two is a single interrogatory.  However, if the court disagrees, Plaintiff

5   requests that the court grant leave to serve more than twenty-five interrogatories.

6   Defendants opposed the motion on the grounds Rule 33(a) prohibits a party from serving more

7   than twenty-five interrogatories, including discreet sub-parts, without leave of court or stipulation.

8   Defendants cite a number of cases that have held an interrogatory that requests a factual basis for

9   affirmative defenses should be treated as separate interrogatories.  Defendants suggest that Plaintiff can

10  obtain the information she seeks about the remaining affirmative defenses by deposition or other

11  discovery means, and requests that the court deny the Motion to Compel or in the alternative Leave to

12  Serve Additional Interrogatories.

13  Neither side has cited, and the court's research does not find, controlling authority in this

14  jurisdiction on the issue of whether an interrogatory requesting the factual basis for multiple affirmative

15  defenses constitutes one or multiple interrogatories for purposes of the limitations imposed by Federal

16  Rule of Civil Procedure 33(a).  However, the court is persuaded by the line of cases cited by the

17  Defendants that a single interrogatory requesting the factual basis for multiple affirmative defenses

18  should be treated as separate interrogatories to the extent the factual basis for each affirmative defense

19  may be both factually and logically different.  However, Plaintiff is entitled to know the factual basis of

20  the Defendants' affirmative defenses.  The remaining unanswered interrogatories number three through

21  twelve seek basic information concerning information which is clearly discoverable under Rule 26(a).

22  Accordingly, the court will grant Plaintiff's request for alternative relief and compel the Defendants to

23  serve supplemental answers to Plaintiff's first set of interrogatories.

24  **IT IS ORDERED** that:

25  1.   Plaintiff's Motion to Compel Discovery Responses or in the Alternative for Leave to

26       Serve Additional Interrogatories (Dkt. #54) is **GRANTED** to the extent that Defendants

27       shall have fifteen days in which to serve supplemental answers to interrogatory number

28  ///

2

two with respect to affirmative defenses twenty-five through twenty-nine, and to answer, without objection, interrogatories numbered three through twelve.

2.    Plaintiff's request for an additional thirteen interrogatories is **DENIED**.

Dated this 4th day of May, 2010.

_____
PEGGY A. LEEN
UNITED STATES DISTRICT JUDGE

3